UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT PALADINI, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| NAVIENT SOLUTIONS, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

SCOTT PALADINI ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New York and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Huntington, New York 11743.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that does business in New York and maintains its principle place of business at 123 Justison Street, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Beginning in or around October or November 2015 and continuing thereafter, Defendant called Plaintiff placed repeated harassing telephone calls to Plaintiff on his cellular.

12. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

13.     Plaintiff knew Defendant's calls were automated since the calls began with a pre-recorded voice before calls would either end or were transferred to representatives.

14.     Defendant's telephone calls were not made for "emergency purposes."

15.     In or around November 2015, Plaintiff spoke with Defendant and requested that Defendant stop calling his cellular telephone, thereby revoking consent, if any, for future communications to his cellular telephone.

16.     Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17.     Although Plaintiff's revocation was heard, Defendant ignored his request, and continued to call Plaintiff on his cellular telephone.

18.     Plaintiff received automated voice messages from Defendant.

19.     Defendant's calls were so invasive that Plaintiff eventually was forced to use an app on his cellular phone to try to block Defendant's calls.

20.     Upon information and belief, Defendant conducts business in a manner which violates the telephone consumer protection act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff after they were told to stop calling in or around November 2015, were made despite Defendant being put on notice that it did not have consent to call.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SCOTT PALADINI, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SCOTT PALADINI, demands a jury trial in this case.

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
| DATED: December 15, 2016 | KIMMEL & SILVERMAN, P.C. |
|   | By:*/s/ Craig Thor Kimmel* |
|   | CRAIG THOR KIMMEL |
|   | 30 E. Butler Pike |
|   | Ambler, PA 19002 |
|   | Phone: (215) 540-8888 |
|   | Fax: (877) 788-2864 |
|   | Email: kimmel@creditlaw.com |